**KERN ENTERPRISES, INC., Plaintiff,**

v.

**Kwegyir AGGREY et al., Defendants.**

**No. C 77–97 Y.**

United States District Court,
N. D. Ohio, E. D.

April 21, 1978.

Edward Kancler, Cleveland, Ohio, for plaintiff.

William D. Beyer, John J. Horrigan, Cleveland, Ohio, William J. Brown, Columbus, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiff has brought this action against certain defendants associated with the welfare programs of the State of Ohio and against the United States Department of Health, Education and Welfare and its Secretary seeking monetary and injunctive relief in relation to the termination of a provider agreement between plaintiff and defendants. Upon petition by the Department of Health, Education and Welfare and its Secretary this action was removed from the Court of Common Pleas for Mahoning County, Ohio. Upon removal, federal "new party" defendants moved to be dismissed from this action. Plaintiff has moved to remand this action to the Court of Common Pleas.

The Medicare Act expressly provides the appropriate procedures and method of review in two types of determinations relevant to a provider of services: (1) where it is determined that an institution is not qualified to be a provider, and (2) where it is determined that a provider of services agreement should be terminated. *Aquavella v. Richardson,* 437 F.2d 397 (2d Cir. 1971).[1] In each instance, the provider's remedy is a hearing by the Secretary. Only after a final decision of the Secretary may this Court assume jurisdiction of this matter, and then the Court may only review the

---

1. 42 U.S.C. § 1395ff(c) provides:

Any institution or agency dissatisfied with any determination by the Secretary that it is not a provider of services, or with any determination described in section 1395cc(b)(2) of this title, shall be entitled to a hearing thereon by the Secretary (after reasonable notice and opportunity for hearing) to the same extent as is provided in section 405(b) of this title, and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title.

Section 1395cc(b)(2), referred to above, provides:

(b) An agreement with the Secretary under this section may be terminated—

\*   \*   \*   \*   \*   \*

(2) by the Secretary at such time and upon such reasonable notice to the provider of services and the public as may be specified in

pleadings and record to determine if the findings of the Secretary are in accordance with applicable law and supported by substantial evidence. 42 U.S.C. §§ 405(g) and (h).

In the instant case, plaintiff claims it is entitled to a pretermination hearing under Chapter 20 of the Code of Federal Regulations and under 42 U.S.C. § 405, and alleges that failure of defendants to hold a hearing prior to terminating a provider agreement violates due process. A provider has no right to continued participation in Medicare programs such as would entitle it to a hearing preliminary to a withdrawal of a provider agreement; inasmuch as the welfare of the patients is the primary concern, and inasmuch as post-termination hearing is available, due process does not mandate a pretermination hearing. *Dandridge v. Creasy,* No. C 77–178 Y (N.D.Ohio 1978); *Villa Care, Inc. v. Mathews,* No. C 77–295 (W.D.Wash.1977); *Centennial Villas, Inc. v. U. S. Dept. of HEW,* No. C 75–615 (W.D. Wash.1975); *Nicobatz v. Weinberger,* No. CV 74–1778–WPG (C.D.Cal.).

Plaintiff admits in its amended complaint that it has not exhausted its administrative remedies before the U.S. Department of Health, Education and Welfare. The Secretary has not yet reached a final decision.

This action is brought solely on the basis of denial of due process for failure to provide a pretermination hearing. No other issues are presented as to any of the defendants. Accordingly, for the reasons set forth above, and because plaintiff fails to present a substantial cognizable constitutional claims, this matter is dismissed for

failure to state a claim upon which relief can be granted.

This action is hereby terminated.

IT IS SO ORDERED.

---

regulations, but only after the Secretary has determined (A) that such provider of services is not complying substantially with the provisions of such agreement, or with the provisions of this subchapter and regulations thereunder, or (B) that such provider of services no longer substantially meets the applicable provisions of section 1395x of this title, or (C) that such provider of services has failed to provide such information as the Secretary finds necessary to determine whether payments are or were due under this subchapter and the amounts thereof, or has refused to permit such examination of its fiscal and other records by or on behalf of the Secretary as may be necessary to verify such information.

Section 405(g), referred to above in § 1395ff(c), provides in part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice or such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States. * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *